**\*\*SEE CHANGES MADE BY THE COURT\*\* (page 9)**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVJO, INC.; AND DIANA FITZGERALD,<br><br>PLAINTIFFS,<br><br>v.<br><br>DECKERS OUTDOOR CORPORATION; and DOES 1-10,<br><br>DEFENDANTS.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV 10-4557-JST (PLAx)<br><br>**PROTECTIVE ORDER** |

Based on the stipulation of the parties, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. This case concerns a design patent directed to a particular boot design. Documents and things that may be requested in discovery could reveal highly sensitive and confidential information that is protected from disclosure to the public and whose disclosure would damage the party providing the information. The parties believe that this confidential information includes sensitive sales and other financial information, sensitive market studies and strategy information, sensitive

design information and other sensitive proprietary information. The interest of the party producing such information (the "Producing Party") in restricting the disclosure and use of its confidential information described above far outweighs the interest of the public in having access to such information. Good cause accordingly exists for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect against improper disclosure or use of confidential information produced or disclosed in this case.

2. In responding to a request for discovery, any party or third party may designate for confidential treatment pursuant to this Protective Order any documents, tangible objects, deposition testimony or other information that it considers to contain trade secrets, such as those defined by California Civil Code § 3426.1, or other sensitive business, commercial or design information that is not readily available to the public ("Confidential Material").

3. In responding to a request for discovery, any party or third party may designate for highly confidential treatment pursuant to this Protective Order any documents, tangible objects, deposition testimony or other information that it considers to contain trade secrets, such as those defined by California Civil Code § 3426.1, or other sensitive business, commercial or design information that is not readily available to the public and that is entitled to a higher level of protection than Confidential Material due to its particular commercial sensitivity and the high likelihood of harm that would result from its disclosure ("Highly Confidential Material").

4. Confidential Material and Highly Confidential Material shall be used by the receiving party only for purposes of this action and shall not be used in any other litigation, arbitration or administrative or judicial proceeding, or for any other

reason, without prior written authorization by the Producing Party or order of the Court.

5. The designation as Confidential Material for purposes of this Protective Order shall be made in the following manner:

    (a) In the case of documents or other materials (apart from depositions): by affixing the legend "Confidential" to each page containing any Confidential Material, except that, in the case of Confidential Material produced in electronic format, the "Confidential" legend need be affixed only to the medium (*e.g.*, the disc) which contains the Confidential Material; and

    (b) In the case of depositions or other proceedings on the record, excluding trial: (i) by a statement on the record by counsel at the time of such disclosure, or (ii) by written notice sent by counsel to the signatories hereto within thirty (30) days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing that the legend "Confidential" be affixed to the first page of the original and all copies of the transcript containing any Confidential Material.

6. Confidential Material may not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part except to the following persons:

    (a) The parties, including any of their officers, directors and employees;

    (b) Counsel, including outside and in-house counsel, for any of the

parties hereto and any persons assisting such counsel in this action;

(c) Experts or consultants retained for the purpose of assisting the parties or their counsel in this action, provided that such experts or consultants agree in writing to be bound by this Protective Order;

(d) Witnesses at deposition or trial, and their counsel, or persons who are reasonably likely to be called as witnesses, and their counsel, in this action;

(e) Court reporters involved in taking or transcribing testimony in this action;

(f) The Court; and

(g) Other persons only upon order of the Court or upon written agreement of the signatories hereto.

7. The designation as Highly Confidential for purposes of this Protective Order shall be made in the following manner:

(a) In the case of documents or other materials (apart from depositions): by affixing the legend "Highly Confidential" to each page containing any Highly Confidential Material, except that, in the case of Highly Confidential Material produced in electronic format, the "Highly Confidential" legend need only be affixed to the medium (*e.g.*, the disc) which contains the Highly Confidential Material; and

  (b) In the case of depositions or other proceedings on the record, excluding trial: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice, sent by counsel to the signatories hereto within thirty (30) days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing that the legend "Highly Confidential" be affixed to the first page of the original and all copies of the transcript containing any Highly Confidential Material.

8. Highly Confidential Material may not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part except to the following persons:

  (a) Outside counsel for any of the parties and any persons assisting such counsel in this action;

  (b) Any person as to whom it is apparent from the face of the document that such person was either an author or recipient of the Highly Confidential Material, or a person as to whom it has been reasonably established is an author or recipient of such information prior to the intended disclosure in this action;

  (c) Experts or consultants retained for the purpose of assisting the parties or their counsel in this action, provided that such consultants or experts agree in writing to be bound by this Protective Order and are not presently and have no current plans to become employees of a party;

  (d) Court reporters involved in taking or transcribing testimony in this action;

      (e)    The Court; and

      (f)    Other persons only upon order of the Court or upon the written agreement of the signatories hereto.

9.    Every person given access to Confidential Material or Highly Confidential Material shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms thereof.  All experts or consultants retained for the purpose of assisting the parties or their counsel in this action who are given access to Confidential Material or Highly Confidential Material shall be required to confirm their understanding and agreement to abide by the terms of this Protective Order by signing and dating a copy of Exhibit A.  Such signed agreements shall be served on the relevant Producing Party at least 14 calendar days before being given access to Confidential Material or Highly Confidential Material. Within 14 calendar days after such notification, counsel for the Producing Party may object to the proposed disclosure and commence proceedings under Local Rule 37 to obtain a Court ruling on whether such disclosure will be permitted.  If such a request to the Court is made, then such persons shall not be allowed access to the Confidential Material or Highly Confidential Material until the Court rules.  If no such request to the Court is made, then such persons may have access to the Confidential Material or Highly Confidential Material under the terms of this Protective Order.

10.    Nothing in this Protective Order shall preclude any party to the lawsuit or their attorneys from:

      (a)    showing a document designated as Confidential Material or

1   Highly Confidential Material to an individual who either prepared or
2   reviewed the document prior to the filing of this action, or is shown by the
3   document to have received the document; or
4
5   (b)     disclosing or using by the Producing Party, in any manner or for
6   any purpose, any information or documents from the Producing Party's own
7   files that the party itself has designated as Confidential Material or Highly
8   Confidential Material; or
9
10  (c)     disclosing or using, in any lawful manner or for any lawful
11  purpose, any information or documents not obtained in discovery in this
12  lawsuit, if such information is lawfully obtained from another source, such as
13  a third party having the right to disclose such information, even though the
14  same information or documents may have been produced in discovery in this
15  lawsuit and designated as Confidential Material or Highly Confidential
16  Material.  Nothing herein shall prevent disclosure beyond the terms of this
17  Protective Order if the party designating the information as Confidential
18  Material or Highly Confidential Material consents to such disclosure or if the
19  Court, after notice to all affected parties, orders such disclosure.
20
21  11.     If any person who has obtained Confidential Material or Highly
22  Confidential Material under the terms of this Protective Order is served with a
23  subpoena commanding the production of any Confidential Material or Highly
24  Confidential Material, such person shall promptly notify counsel for the Producing
25  Party and shall not produce any Confidential Material or Highly Confidential
26  Material in response to the subpoena before such notification and for 14 calendar
27  days thereafter.  Within 14 calendar days after such notification, counsel for the
28  Producing Party may object to the proposed disclosure and commence proceedings

under Local Rule 37 to obtain a Court ruling on whether such disclosure will be permitted.

12. Entering into, agreeing to and/or producing or receiving Confidential Material or Highly Confidential Material or otherwise complying with the terms of this Protective Order shall not prejudice in any way the rights of any party to object to the production of any material on grounds other than confidentiality.

13. In the event additional parties join or are joined in this action, they shall not have access to Confidential Material or Highly Confidential Material until the newly joined party by its counsel has become bound by the terms of this Protective Order.

14. If any person files with or submits to the Court any (a) documents, answers, transcripts or things designated as Confidential Material or Highly Confidential Material pursuant to this Protective Order or information derived therefrom or (b) any affidavits, memoranda, exhibits or other papers containing or making reference to any such Confidential Material or Highly Confidential Material or any information contained therein, then such materials or portions thereof that contain Confidential Material or Highly Confidential Material or information shall be sealed in separate envelopes with a copy of the title page of this action having the statement "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED _____" attached to the front of each envelope, and filed or submitted in accordance with Local Rule 79-5.1, which provides as follows:

> Except when authorized by statute or federal rule, no case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing

under seal.  The proposed order shall address both the sealing of the application and order itself, if appropriate.  The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope.  Conformed copies need not be placed in sealed envelopes.  Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing.

**The application to file a document under seal must demonstrate good cause for the under seal filing.**

15. No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.  An application for disclosure of sealed or confidential court records shall be made to the Court in writing and filed by the person seeking disclosure.  The application shall set forth with particularity the need for specific information in such records.

16. Within 45 days after the final resolution of this action, with the exclusion of the Court and any court personnel, all other persons having received Confidential Material or Highly Confidential Material shall return such material and all copies thereof to counsel for the Producing Party or shall certify to such counsel that such material has been destroyed.  Outside counsel for the parties shall be entitled to retain court papers, deposition and hearing transcripts, and attorney work-product containing Confidential Material or Highly Confidential Material, provided that such outside counsel and their employees shall not disclose such papers or attorney work-product to any person except pursuant to court order or agreement with the Producing Party.  All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

17. Anyone to whom Confidential Material or Highly Confidential Material is produced or disclosed may object to the "Confidential" or "Highly Confidential" designation within a reasonable time after the facts on which the objection is based are known. The objection (the "Notice") shall be made in writing to counsel for the Producing Party. The Notice shall have attached a copy of such designated material or shall identify each document by production number and shall (i) state that the receiving party objects to the designation, and (ii) set forth the particular reasons for such objection. All materials whose designation is objected to shall continue to be treated as Confidential Material or Highly Confidential Material before service of the Notice and for ten (10) business days thereafter. Within ten (10) business days after service of the Notice, counsel for the Producing Party may seek to enforce the "Confidential" or "Highly Confidential" designation by seeking a Court ruling in accordance with Local Rule 37. If such request to the Court is made, then the original "Confidential" or "Highly Confidential" designation shall apply until the Court rules. If no such request to the Court is made, then the "Confidential" or "Highly Confidential" designation shall be removed.

18. Failure to designate material as Confidential or Highly Confidential at the time of production shall not waive a party's right to add a "Confidential" or "Highly Confidential" designation later. However, no party shall be deemed to have violated this Protective Order if, prior to any later designation, such material has been disclosed or used in a manner inconsistent with such later designation. Once a "Confidential" or "Highly Confidential" designation is made, the material shall be treated going forward as, respectively, Confidential Material or Highly Confidential Material.

19. In the event that the case proceeds to trial, all of the information

10

1  disclosed at trial becomes public and will be presumptively available to all
2  members of the public, including the press, unless sufficient cause is shown in
3  advance of trial to proceed otherwise. This will be true even as to information that
4  had been designated as Confidential or Highly Confidential.

6     20. The inadvertent production of any privileged or otherwise protected
7  information shall not be deemed a waiver or impairment of any claim of privilege
8  or protection, including but not limited to the attorney-client privilege or work-
9  product doctrine. Federal Rule of Evidence 502 and Federal Rule of Civil
10 Procedure 26(b)(5)(B) shall apply. If, through inadvertence, a producing party
11 provides any information pursuant to this litigation that is subject to a claim of
12 privilege based on attorney-client privilege or any other applicable privilege or
13 constitutes material protected as attorney work product, the producing party shall
14 inform all receiving parties of the claim of privilege and the basis for the privilege
15 as soon as reasonable after discovery of the inadvertent production. After being
16 notified, the receiving party must promptly return the specified information and any
17 copies it has of the information and must not use or disclose the information until
18 the claim of privilege is resolved. If a receiving party disclosed the information
19 before being notified of the claim of privilege, the receiving party must provide the
20 identities of all such persons to whom such disclosure was made to the producing
21 party and take reasonable steps to retrieve the information.

23 /

25 /

1        21.   This Protective Order may be modified by further written agreement
2  or, failing such agreement, by order of the Court, which shall be binding on all
3  others bound by the terms of this Protective Order.

5  Dated:  April 19, 2011          _/s/ Paul L. Abrams_
6                                  Paul L. Abrams, United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROTECTIVE ORDER